UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARK HOWARD, JR., <br><br> Plaintiff, <br><br> v. <br><br> BRANDON DILLMAN, et al., <br><br> Defendants. | CAUSE NO. 3:20-CV-450-RLM-MGG |

OPINION AND ORDER

Mark Howard, Jr., a prisoner without a lawyer, alleges that, while confined at the Miami Correctional Facility on October 31, 2019, Officer Brandon Dillman and Sergant Joel Hinds verbally harassed him and used excessive force against him. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

On October 31, 2019, These are the facts that Mr. Howard alleges: Mr. Howard was assigned to be moved from L housing unit to B housing unit. Around 11:00 a.m., Officer Dillman and Sgt. Hinds arrived to move Mr. Howard. Mr. Howard told Officer Dillman and Sgt. Hinds that an inmate in B housing unit

had threatened to rob, rape, and kill him, and that he was afraid to move there. Officer Dillman and Sgt. Hinds removed their Tasers and told Mr. Howard to lay down on his stomach and put his hands behind his back. He was having trouble walking due to muscle spasms from a gunshot wound, and he asked for his medication and medical assistance. He was dragged from his cell and thrown on the ground to wait for a wheelchair. While waiting, Sgt. Hinds asked Mr. Howard why he was afraid to go to housing unit B. Mr. Howard explained that there were gangs threatening to rob, rape, and kill him. Officer Dillman and Sgt. Hinds began making sexual comments to him, including that "he wants a dick in his ass." ECF 1 at 2. When they arrived at the B unit sally port, Officer Dillman asked Mr. Howard to stand. Mr. Howard indicated that he could not, so Officer Dillman put his arm around Mr. Howard's neck and lifted him from behind. Officer Dillman then placed Mr. Howard on the ground face down, landing on top of him. Mr. Howard felt Sgt. Hinds hitting him until he went unconscious. He was treated by medical staff for a bloody nose and abrasions.

Mr. Howard asserts that the sexual slurs used against him constituted cruel and unusual punishment, in violation of the Eighth Amendment. Mere verbal harassment doesn't state a constitutional claim on which relief can be granted. *See* DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, No. 17-3543, 2020 WL 240447 (7th Cir., Jan. 7, 2020) (rude language or verbal harassment by prison staff "while unprofessional and deplorable, does not violate the Constitution.").

Mr. Howard also alleges that Officer Dillman and Sgt. Hinds used excessive force against him. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* The evidence might eventually show that the use of force was justified, but when Mr. Howard is given the inferences to which he is entitled at this stage of the case, he has stated a claim upon which relief could be granted against Officer Dillman and Sgt. Hinds.

For these reasons, the court:

(1) GRANTS Mark Howard, Jr. leave to proceed against Officer Dillman and Sgt. Hinds in their individual capacity for compensatory and punitive damages, for using excessive force while transporting Mark Howard, Jr. from L housing unit to B housing unit on October 31, 2019, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Officer Dillman and Sgt. Hinds at the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 5), pursuant to 28 U.S.C. § 1915(d);

(4) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant if he does not waive service and it has such information; and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Officer Dillman and Sgt. Hinds respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on September 2, 2020

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT