UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARK HOWARD, JR., <br><br> Plaintiff, <br><br> v. <br><br> BRANDON DILLMAN, et al., <br><br> Defendants. | CAUSE NO. 3:20-CV-450-RLM-MGG |

OPINION AND ORDER

Mark Howard, Jr., a prisoner without a lawyer confined at the Miami Correctional Facility, filed an amended complaint that alleges essentially the same facts as his original complaint. According to Mr. Howard, Officer Brandon Dillman and Sergant Joel Hinds used excessive force against him. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Still, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

These are the facts alleged in the complaint, which must be accepted as true for today's purposes. When Officer Dillman and Sgt. Hinds arrived to move Mr. Howard L housing unit to B housing unit, Mr. Howard told them that an inmate in B housing unit had threatened to rob, rape, and kill him, and that he

was afraid to move there. Officer Dillman and Sgt. Hinds removed their Tasers and told Mr. Howard to lay down on his stomach and put his hands behind his back. He was having trouble walking due to muscle spasms from a gunshot wound, and he asked for his medication and medical assistance. He was dragged from his cell and thrown to the ground to wait for a wheelchair. While waiting, Sgt. Hinds asked Mr. Howard why he was afraid to go to housing unit B. Mr. Howard explained that there were gangs threatening to rob, rape, and kill him. Officer Dillman and Sgt. Hinds then began making sexual comments to him, including that "he wants a dick in his ass." ECF 1 at 2. When they arrived at the B unit sally port, Officer Dillman asked Mr. Howard to stand. Mr. Howard indicated that he could not, so Officer Dillman put his arm around Mr. Howard's neck and lifted him from behind, choking him. Officer Dillman then slammed Mr. Howard on the ground face down, landing on top of him. Mr. Howard felt Sgt. Hinds punching him until he went unconscious. He was treated by medical staff for a bloody nose and abrasions afterwards.

Mr. Howard alleges that Officer Dillman and Sgt. Hinds used excessive force against him. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* The evidence might ultimately demonstrate that the

use of force was justified, giving Mr. Howard the inferences to which he is entitled at this stage of the case, he has stated a claim against Officer Dillman and Sgt. Hinds. He can also proceed against Officer Dillmam and Sgt. Hinds on his state law battery claim.

For these reasons, the court:

(1) GRANTS Mark Howard, Jr. leave to proceed against Officer Dillman and Sgt. Hinds in their individual capacity for compensatory and punitive damages, for using excessive force while transporting Mark Howard, Jr. from L housing unit to B housing unit on October 31, 2019, in violation of the Eighth Amendment;

(2) GRANTS Mark Howard, Jr. leave to proceed against Officer Dillman and Sgt. Hinds in their individual capacity for compensatory and punitive damages, for committing a battery against Mark Howard, Jr., while transporting him from L housing unit to B housing unit on October 31, 2019, in violation of Indiana law;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Officer Dillman at the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 18), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number,

last employment date, work location, and last known home address of Officer Dillman if he does not waive service and it has such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Officer Dillman and Sgt. Hinds respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on December 9, 2020

    s/ Robert L. Miller, Jr.
    JUDGE
    UNITED STATES DISTRICT COURT