UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARK HOWARD, JR.,

    Plaintiff,

v.       CAUSE NO. 3:20-CV-450-RLM-MGG

OFFICER DILLMAN and SGT. HINDS,

    Defendants.

## OPINION AND ORDER

Mark Howard, Jr., a prisoner without a lawyer, was granted leave to proceed in this case "against Officer Dillman and Sgt. Hinds in their individual capacity for compensatory and punitive damages, for using excessive force while transporting Mark Howard, Jr. from L housing unit to B housing unit on October 31, 2019, in violation of the Eighth Amendment[.]" ECF 7 at 3.[1] Sgt. Hinds moved for summary judgment, arguing Mr. Howard didn't exhaust his administrative remedies before filing suit. Mr. Howard filed a response. The time for Sgt. Hinds to file a reply has expired, so the motion is now ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party."

---

[1] On April 15, 2021, this court entered default judgment against Officer Dillman for failing to answer Mr. Howard's complaint.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999). Courts take a "strict compliance approach to exhaustion." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." Id. at 1024. "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015).

Inmates are only required to exhaust administrative remedies that are "available." Woodford v. Ngo, 548 U.S. 81, 102 (2006). The availability of a remedy isn't a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the

2

administrative process, administrative remedies are not considered "available." *Id*. In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." Dole v. Chandler, 438 F.3d at 809. In determining whether an administrative remedy was effectively unavailable, the question is whether the inmate did "all that was reasonable to exhaust" under the circumstances. *Id*. at 812.

The following facts are undisputed and all occurred in 2019: Officer Dillman forcibly removed Mr. Howard from his wheelchair on October 31. Mr. Howard submitted an informal grievance later that day against Officer Dillman and Sgt. Hinds regarding the use of force. Mr. Howard submitted a second informal grievance on November 1, 2019. The grievance office denied Mr. Howard's informal grievances on November 19. Mr. Howard submitted Grievance 219944 later that day, complaining of the use of force. The Grievance Specialist rejected Grievance 219944 as untimely on November 22.

Sgt. Hinds argues Mr. Howard didn't exhaust his administrative remedies for two reasons. First, Sgt. Hinds argues the Grievance Specialist properly rejected Grievance 219944 as untimely because Mr. Howard didn't submit the grievance within 15 days of the October 31 incident. Mr. Howard responds that because the grievance office didn't timely respond to his informal grievances, he had until

3

November 21 to submit a timely formal grievance. The Offender Grievance Process provides:

> The time to submit a Grievance form begins on the earliest of these days and ends five (5) working days later:
> 1. The day the staff member tells the offender that there will be no informal resolution;
> 2. The day that the offender refuses an informal resolution offered by staff; or,
> 3. The tenth working day after the offender first seeks an informal resolution from staff.

ECF 54-1 at 15. A "working day" is defined as "Monday through Friday, excluding any holidays recognized and observed by the State of Indiana." *Id.* at 4. Mr. Howard submitted his first informal grievance on October 31, and the grievance office didn't respond until November 19. The time to submit a formal grievance began on November 14, the "tenth working day" after Mr. Howard first sought an informal resolution. From that point, Mr. Howard had five working days—until November 21—to timely submit a formal grievance. Mr. Howard submitted Grievance 219944 on November 19. Sgt. Hinds hasn't met his burden to show the Grievance Specialist properly rejected Grievance 219944 as untimely.

Second, Sgt. Hinds argues Mr. Howard didn't exhaust his administrative remedies because he didn't appeal the Grievance Specialist's rejection of Grievance 219944. Sgt. Hinds says "[t]here is no evidence before the Court that Plaintiff proceeded with the necessary third step: a grievance appeal to the Department Offender Grievance Manager[.]" *Id.* at 3. The burden is on Sgt. Hinds to show failure to exhaust. *See* King v. McCarty, 781 F.3d at 893. Sgt. Hinds hasn't provided any evidence that Mr. Howard didn't appeal Grievance 219944, such as an affidavit from

4

the prison's Grievance Specialist or a copy of Mr. Howard's Grievance History Log. Moreover, Sgt. Hinds hasn't provided any evidence the prison had an available remedy to appeal the Grievance Specialist's untimeliness determination. Sgt. Hinds asserts "it is undisputed that the grievance policy afforded Plaintiff the right to appeal the Grievance Specialist's determination of untimeliness through the appeal process detailed in the grievance policy[,]" but the grievance policy contains no information about appealing a grievance rejected as untimely. Sgt. Hinds hasn't shown Mr. Howard failed to utilize an available remedy to appeal the Grievance Specialist's untimeliness determination.

Sgt. Hinds hasn't met his burden to show failure to exhaust, so Sgt. Hinds' summary judgment motion (ECF 53) is DENIED.

SO ORDERED on October 19, 2021

/s/ Robert L. Miller, Jr.
Judge
United States District Court