UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARK HOWARD, JR., | ) |
| *Plaintiff* | ) |
| | ) Cause No. 3:20-cv-450-RLM-MGG |
| v. | ) |
| BRANDON DILLMAN, et al., | ) |
| *Defendants* | ) |

OPINION AND ORDER

Mark Howard, Jr. sued Officer Brandon Dillman and Sergeant Joel Hinds while he was a prisoner without a lawyer at the Miami Correctional Facility. That complaint alleged they used excessive force against him. Now represented by counsel, Mr. Howard has filed a third amended complaint that alleges essentially the same facts as his original complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915A.

These are the facts alleged in the complaint, which must be accepted as true for today's purposes. Warden William Hyatte, Sergeant Joel Hinds, and Officer Brandon Dillman, were employed by the Indiana Department of Corrections and acted within the scope of their employment.

When Officer Dillman and Sgt. Hinds arrived to move Mr. Howard from L housing unit to B housing unit, Mr. Howard told them that an inmate in B housing unit had threatened to rob, rape, and kill him, and that he was afraid

to move there. Officer Dillman and Sgt. Hinds removed their tasers and told Mr. Howard to lay down on his stomach and put his hands behind his back. He was having trouble walking due to muscle spasms from a gunshot wound, and he asked for his medication and medical assistance. The officers dragged him from his cell and threw him to the ground to wait for a wheelchair. While waiting, Sgt. Hinds asked Mr. Howard why he was afraid to go to housing unit B. Mr. Howard explained that there were gangs threatening to rob, rape, and kill him. Officer Dillman and Sgt. Hinds then began making sexual comments to him, including that "he wants a dick in his ass." ECF 95 at 3. When they arrived at the B unit sally port, Officer Dillman asked Mr. Howard to stand. Mr. Howard indicated that he could not stand, so Officer Dillman put his arm around Mr. Howard's neck and lifted him from behind, choking him. Officer Dillman then slammed Mr. Howard on the ground face down, landing on top of him. Mr. Howard felt Sgt. Hinds punching him until he went unconscious. The medical staff treated him for a bloody nose and abrasions afterwards.

Mr. Howard alleges that Officer Dillman and Sgt. Hinds used excessive force against him. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. Id. The evidence might ultimately demonstrate that the

use of force was justified, but giving Mr. Howard the inferences to which he is entitled at the screening stage of the case, he has stated a claim against Officer Dillman and Sgt. Hinds. He may also proceed on his state law battery and intentional infliction of emotional distress claims against the Indiana Department of Corrections, and his Eighth Amendment claim against Warden Hyatte in his official capacity.

At an earlier stage in the case, Mr. Howard obtained default judgment against Officer Dillman. [ECF 51]. Mr. Howard's third amended complaint isn't substantively different regarding his claims against Officer Dillman, so default judgment remains entered against Officer Dillman. *See* Stone v. United Crown Const., Inc., 1989 WL 152804, at *1 (N.D. Ill. Nov. 21, 1989).

After he filed his third amended complaint—but before the court screened his complaint—Mr. Howard moved and obtained clerk's entry of default against Warden Hyatte and the Indiana Department of Corrections because they hadn't appeared or filed a responsive pleading within 21 days, as required by Federal Rule of Civil Procedure 12(a). The Indiana Department of Corrections and Warden Hyatte have moved to set aside that entry of default because they weren't required to reply until the court entered its screening order under 28 U.S.C. § 1915A. *See generally* 42 U.S.C. § 1997e. Because entry of default before screening is premature, the court grants their motion.

For these reasons, the court:

(1) GRANTS the Indiana Department of Corrections and Warden Hyatte's motion to set aside entry of default against them [Doc. No. 107];

3

(2) GRANTS Mark Howard, Jr. leave to proceed against Sgt. Hinds in his individual capacity for compensatory and punitive damages, for using excessive force while transporting Mark Howard, Jr. from L housing unit to B housing unit on October 31, 2019, in violation of the Eighth Amendment;

(3) GRANTS Mark Howard, Jr. leave to proceed against the Indiana Department of Corrections, for battery and intentional infliction of emotional distress committed by Officer Dillman and Sgt. Hinds against Mark Howard, Jr., while transporting him from L housing unit to B housing unit on October 31, 2019, in violation of Indiana Law;

(4) GRANTS Mark Howard, Jr. leave to proceed against Warden William Hyatte in his official capacity on an Eighth Amendment claim related to his need for protection from other inmates;

(5) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) on the Indiana Department of Correction, Warden Hyatte, and Sgt. Hinds at the Indiana Department of Correction with a copy of this order and the amended complaint [ECF 95], pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant except Officer Dillman if he does not waive service and it has such information; and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), the Indiana Department of Correction, Warden Hyatte, and Sgt. Hinds to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b).

SO ORDERED.

ENTERED: July 27, 2022

/s/ Robert L. Miller, Jr.
Judge, United States District Court